[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] NOTICE OF FILING OF JUDICIAL DECISION
Pursuant to P.B § 64-1, the court (Dyer, J.), hereby gives notice of the filing of the attached Memorandum of Decision regarding Defendant's Motion to Suppress.
 MEMORANDUM OF DECISION
The Defendant, who is charged with a violation of C.G.S.14-227a, has filed a motion to suppress all evidence seized or discovered as a result of his stop, detention and arrest on May 22, 1999 in Waterford, Connecticut.
The Defendant's motion alleges that the arresting officers lacked reasonable and articuable suspicion to stop him, and therefore violated his rights under" . . . the Fourth. Fifth. Sixth and Fourteenth Amendments to the Federal Constitution and Article One, Sections 7 and 8 of the Connecticut Constitution."[1]
 FACTUAL FINDINGS
The court has carefully considered the evidence and testimony introduced at the hearing on this motion, and finds that the following facts were proven by a preponderance of the evidence:
On May 22, 1999 at approximately 2:15 a.m., Officer Cynthia Munoz of the Waterford Police Department was on patrol in her cruiser in the area of Route 85 in Waterford, Connecticut.
Earlier, Officer Munoz had monitored a radio broadcast from another police agency. The message indicated that there were possibly two intoxicated drivers traveling south in motor vehicles on Route 85 in Salem, Connecticut. No marker plate information was given during this transmission. Although she did not include this in her written arrest report, Officer Munoz testified at hearing that one of the automobiles was described in the police broadcoast as being "light-colored."
Officer Munoz, who was traveling northbound on Route 85, observed a speeding motor vehicle traveling in front of her. She CT Page 3407 overtook and detained this operator, who was not intoxicated. While Officer Munoz was involved with this traffic stop, the driver of a motor vehicle traveling south on Route 85 stopped adjacent to her location. This operator informed Officer Munoz that a drunken driver was traveling behind him on Route 85 south. This operator did not describe the color of the alleged offender's vehicle.
Shortly thereafter, a second motorist driving south on Route 85 stopped and spoke with Officer Munoz. This motorist gestured over his shoulder and told the officer that a drunk driver was traveling behind him. Although Officer Munoz did not include this in her arrest report, she testified at hearing that the second motorist reported that the intoxicated operator was driving a light-colored vehicle.
Officer Munoz radioed Waterford Police Officer David Burton that a suspected intoxicated driver might be traveling on Route 85 south towards the location where she was stopped.
Officer Munoz then observed the headlights of a light-colored automobile in the southbound lane of Route 85 approaching her location. As the oncoming car passed the place where she was stopped, Officer Munoz noted the vehicle's color, description and marker plate, and transmitted this information via police radio to Officer Burton. Officer Munoz requested that Officer Burton stop this vehicle, which was a white Buick LeSabre automobile operated by the Defendant. Officer Munoz did not witness erratic operation. or any motor vehicle violation by the Defendant.
Officer Burton was a distance behind Officer Munoz's location on Route 85 north when he received Officer Munoz's radio messages. He testified that he observed two motorists travelling south on Route 85 drive past Officer Munoz's position and continue on toward him. The operator of the second car slowed his vehicle and talked to Officer Burton. This operator told Officer Burton that a drunken driver was travelling behind him on Route 85 south. He informed Officer Burton that the intoxicated driver was "all over the road" and was driving a white vehicle.
When the motor vehicle operated by the Defendant passed Officer Burton's location. the officer executed a "U-turn" from the northbound lane of Route 85 onto the southbound lane. Officer Burton then stopped the Defendant's vehicle. He did not observe the Defendant engage in erratic operation, or commit any motor CT Page 3408 vehicle violations. Officer Burton testified that he stopped the Defendant based on Officer Munoz's request, and the report of the citizen who claimed that a drunken driver was traveling behind him.
Officer Munoz responded to the scene where Officer Burton had detained the Defendant. Evidence gathered by Officer Munoz during this investigatory stop resulted in the Defendant being arrested on the intsant charge. It is that evidence which the Defendant seeks to supress with the motion pending before the court.
Both Officer Munoz and Officer Burton also testified at hearing that a large number of motor vehicle accidents occur on Route 85 in Waterford.
As noted above, Officer Munoz admitted during cross-examination that she had not indicated in her arrest report that the police radio broadcast she monitored had mentioned a light-colored car, or that the second motorist with whom she spoke had described the erratically-operated vehicle as being light in color. The court has carefully considered the Defendant's argument that these omissions in the report might impeach the credibility of the officer's testimony. However, the court believes it likely that the police radio broadcast concerning possibly intoxicated motorists on Route 85 south in Salem, Connecticut would have offered some description of the suspect vehicles, including a general description of their color. The court also observed the testimony and demeanor of the Waterford police officers at the hearing, and found both to be credible in their recollections and accounts of the facts this case.
 DISCUSSION
The parties agree that the detention of the Defendant constituted a seizure of his person. as defined by our Supreme Court in the case of State v. Hill. 237 Conn. 81, 87.675 A.2d 866 (1996). The facts and circumstances presented here clearly indicate that the Defendant's freedom of movement was restrained by the police officers' show of authority. The Defendant would not have reasonably believed that he was free to go prior to the conclusion of the field investigation initiated by the officers.
The pivotal issue before the court is whether or not the police had a reasonable and articuable suspicion to believe that the Defendant was committing, or was about to commit, a crime when CT Page 3409 they stopped his motor vehicle. State v. Pierog,33 Conn. App. 107, 111 (1993).
In determining whether the detention was justified in a given case, a court must consider if [b]ased upon the whole picture the detaining officers [had] a particularized and objective basis for suspecting the particular person stopped of criminal activity. . . . A court reviewing the legality of a stop must therefore examine the specific information available to the police officer at the time of the initial intrusion and any rational inferences to be derived therefrom (Internal citations and internal quotation marks omitted). State v.Donahue, 251 Conn. 636, 644 (1999).
In the instant case, Officer Munoz heard another police agency's broadcast advising about suspected intoxicated motorists traveling on Route 85 south in Salem. One of the vehicles was described as light-colored. Both the direction of travel, and the general description of one automobile's color, matched the Defendant's. Officer Munoz was approached in close proximity by two successive drivers who reported that an intoxicated driver was traveling behind them in a southerly direction on Route 85. The second driver informed Officer Munoz that the car was light-colored. Shortly after this, the Defendant drove his white Buick LeSabre on Route 85 south past Officer Munoz's position. Officer Burton, alerted by his colleague's radio call, and by the citizen who also informed him that an intoxicated driver "was all over the road," stopped the Defendant's vehicle.
Although neither police officer observed any erratic operation or motor vehicle violations by the Defendant, the court finds, based on the totality of the circumstances in this case, that the Defendant's detention was permissible under our State and Federal Constitutions. Viewed cumulatively, the content of the earlier police broadcast, the reports about possible drunken driving activity from two different citizen-witnesses, and the Defendant's arrival on the scene moments later in a light-colored automobile traveling in the direction described, created reasonable and articuable suspicion. The court finds that these facts, and the inferences that the officers could rationally derive from them, justified their decision to detain the Defendant for further investigation.
The court is mindful of the argument that the police officers could possibly have taken a less-intrusive approach in this case CT Page 3410 by following the Defendant longer to see if they observed erratic operation, or other signs of impairment. However, the evidence concerning both officers' training in the area of DUI detection and arrests, the report to Officer Burton that the Defendant was "all over the road." and the evidence about the number of accidents on Route 85 in Waterford, lead the court to find that the police acted reasonably in effectuating the traffic stop when and where they did. (See: State v. Pierog, supra. p. 111-112).
Because the court finds that the detention of the Defendant was based upon the reasonable and articuable suspicion by the police that the Defendant had committed, or was about to commit a crime, his motion to supress is hereby DENIED.
Dated at New London, Connecticut this 8th day of March. 2000.
Dyer, Judge.